1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11  CHARLES EASTER,                ) Civil No. 07cv0187 L(RBB)
                                   )
12              Plaintiff,         ) ORDER OF CONFIDENTIALITY
                                   ) DIRECTING ATTORNEY GENERAL TO
13  v.                             ) PROVIDE INFORMATION AS TO
                                   ) DEFENDANT TILTON'S ADDRESS TO
14  CDC STATE OF CALIFORNIA;       ) THE U.S. MARSHAL, DIRECTING
    MORRIS, Captain; PANCHELLO,    ) THE U.S. MARSHAL TO EFFECT
15  Lieutenant; PEREZ, Correctional ) SERVICE OF PROCESS PURSUANT TO
    Officer,                       ) FED. R. CIV. P. 4 FOR SERVICE
16                                 ) OF THE COMPLAINT, AND DENYING
                Defendants.        ) PLAINTIFF'S MOTION TO INFORM
17  _____ ) [DOC. NO. 20]

18      The Plaintiff, currently an inmate at Ironwood State Prison

19  in Blythe, California, proceeding pro se and in forma pauperis,

20  filed the instant action under 42 U.S.C. § 1983, on the basis of

21  alleged actions by certain prison staff at Donovan State Prison,

22  where Plaintiff was formerly incarcerated.

23      Plaintiff has filed a Motion to Inform [doc. no. 20],

24  requesting that this Court provide him with the address for James

25  Tilton, Secretary of the California Department of Corrections,

26  where Tilton can receive service of Plaintiff's Complaint.

27  Plaintiff states the summons form he had completed for this

28  Defendant was returned to him by the U.S. Marshal on June 5,

1   2007, because Plaintiff had not provided the Marshals Service
2   with an address where they could properly serve this Defendant.

3        "[A]n incarcerated pro se plaintiff proceeding in forma
4   pauperis is entitled to rely on the U.S. Marshal for service of
5   the summons and complaint, and, having provided the necessary
6   information to help effectuate service, plaintiff should not be
7   penalized by having his or her action dismissed for failure to
8   effect service . . . ." Puett v. Blandford, 912 F.2d 270, 275
9   (9th Cir. 1990). "So long as the prisoner has furnished the
10  information necessary to identify the defendant, the marshal's
11  failure to effect service of process 'is automatically good cause
12  within the meaning of Rule 4(j) [of the Federal Rules of Civil
13  Procedure].'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir.
14  1994).

15       Here, Plaintiff has identified the Defendant. **As long as**
16  **the privacy of Defendant Tilton's address can be preserved**,
17  Plaintiff is entitled to be able to serve his Complaint.
18  Accordingly, the Court **ORDERS** the Attorney General assigned to
19  this case to provide the forwarding address for James Tilton,
20  Secretary of the California Department of Corrections, to the
21  U.S. Marshal in a **confidential memorandum** indicating that the
22  subpoena is to be delivered to that address.  The Attorney
23  General shall provide the U.S. Marshal with any such information
24  on or before **June 29, 2007.**

25       After receipt of any available address from the Attorney
26  General, the Court **ORDERS** the U.S. Marshal to serve a copy of the
27  Complaint and summons upon Defendant Tilton.  All costs of
28  service shall be advanced by the United States.  The Clerk of the

Court, the Attorney General, and the Office of the
U.S. Marshal are **HEREBY ORDERED** to keep the address of James
Tilton strictly confidential.  The address of Defendant Tilton
**SHALL NOT** appear on any 285 form, **SHALL NOT** be provided to
Plaintiff, and **SHALL NOT** be made part of the Court record.

　　　　**IT IS SO ORDERED.**

DATED: June 19, 2007

Ruben B. Brooks
United States Magistrate Judge

cc:  Judge Lorenz
     All Parties of Record
     U.S. Marshal