UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES EASTER,<br><br>                Plaintiff,<br><br>v.<br><br>CDC STATE OF CALIFORNIA, *et al.*,<br><br>                Defendants. | Civil No. 07cv187-L(RBB)<br><br>**ORDER ADOPTING IN PART AND MODIFYING IN PART REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION TO PROCEED, AND GRANTING WITHOUT PREJUDICE DEFENDANTS' MOTIONS TO DISMISS** |

Plaintiff Charles Easter, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this action under 42 U.S.C. § 1983 alleging violation of Eighth Amendment rights. Plaintiff was allegedly assaulted by another inmate when he was placed in the same prison yard where he had previously been assaulted by other inmates. The case was referred to United States Magistrate Judge Ruben B. Brooks for a report and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72.3.

Defendants E. Perez, Louie Panichello and Brian R. Morris filed a motion to dismiss the complaint for failure to exhaust administrative remedies. Defendant J. Tilton filed a motion to dismiss on the same ground as well as based on immunity and lack of *respondeat superior* liability for constitutional violations. Plaintiff filed a "Motion to Proceed" wherein he alleged he had followed the administrative grievance procedures. Upon review of the motion filings, the Magistrate Judge issued a Report and Recommendation, recommending that the motion to

dismiss filed by Defendants E. Perez, Louie Panichello and Brian R. Morris be granted without prejudice, that Defendant J. Tilton's motion to dismiss be granted with prejudice, and that Plaintiff's motion to proceed be denied. Plaintiff objected to the Report and Recommendation. Defendants did not file a response.

A district judge "may accept, reject, or modify the recommended decision" on a dispositive matter prepared by a magistrate judge proceeding without the consent of the parties for all purposes. Fed. R. Civ. P. 72(b); *see* 28 U.S.C. § 636(b)(1). "The court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Accordingly, "the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made, but not otherwise*." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in the original); *see Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1225-26 & n.5 (D. Ariz. 2003).

Plaintiff argues that he was unable to exhaust administrative remedies due to Defendants' "gamesmanship" to prevent him from filing suit. Based on the record, Plaintiff filed this action on January 29, 2007, but he did not submit his grievance to the prison authorities until February 7, 2007. (*See* Report and Recommendation ("R&R") at 12.) Plaintiff did not present any evidence of Defendants' "gamesmanship" before February 7, 2007. Accordingly, Plaintiff's objection to the dismissal based on failure to exhaust is overruled.

Nevertheless, the court is troubled by the prison authorities' unresponsiveness in processing Plaintiff's grievance after February 7, 2007. The Magistrate Judge found that the prison authorities had not at any level or at any time rejected Plaintiff's grievance as untimely. He therefore found that Plaintiff could still complete the appeal of his grievance, and recommended that the complaint be dismissed without prejudice. (R&R at 13-15.) As of January 19, 2008, Plaintiff's second level appeal had been pending before the prison authorities at R.J. Donovan state prison for some time, however, when he filed his objections to the Report and Recommendation on March 17, 2008, he still had not received a response. (*See id.* at 15; Objections at 5-6.) As of that time, the prison authorities' twenty working days to respond to the second level appeal had long passed. *See* 15 Cal. Code Regs. § 3084.6(b)(3).

As to the recommendation to dismiss with prejudice the claims against Defendant Tilton, Plaintiff maintains, for the first time in his objections, that he could show Defendant Tilton had trained the other Defendants, was therefore personally responsible for the alleged wrongdoing, and was not named solely in his supervisory capacity.  The Eleventh Amendment immunity does not protect state officials from suit based on their individual conduct.  *Scheuer v. Rhodes*, 416 U.S. 232, 237 (1974), overruled on other grounds, *Davis v. Sherer*, 468 U.S. 183 (1984).  In addition, supervisory liability may be established by demonstrating that the alleged constitutional injury was caused when a supervisory employee, who did not overtly participate in the incident, set in motion a series of acts by others which he knew or reasonably should have known would cause others to inflict the constitutional injury.  *Redman v. County of San Diego*, 942 F.2d 1435, 1446-47 (9th Cir. 1991) (*en banc*); *Johnson v. Duffy*, 588 F.2d 740-743-44 (9th Cir. 1978).  Accordingly, to the extent Plaintiff can sufficiently allege that Defendant Tilton's failure to properly train other Defendants caused Plaintiff's alleged constitutional injury, the claims against Defendant Tilton should be dismissed without prejudice.

Based on the foregoing, the Report and Recommendation is **ADOPTED IN PART AND MODIFIED IN PART**.  Defendants' motions to dismiss (docket no. 18 & 25) are granted.  The complaint shall be **DISMISSED WITHOUT PREJUDICE**.  Plaintiff's motion to proceed (docket no. 23) is **DENIED**.

**IT IS SO ORDERED**.

DATED:  November 20, 2008

                                                M. James Lorenz
                                                United States District Court Judge

COPY TO:

HON. RUBEN B. BROOKS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL